EDWARD P. DOYLE, Appellant, *v.* THE NEW YORK EYE AND EAR INFIRMARY et al., Respondents.

(Argued January 23, 1880; decided February 24, 1880.)

THIS action was brought to recover damages for an injury to the plaintiff's eyes, producing blindness, alleged to have been caused by the negligence and unskilfulness of the defendant Derby, an assistant surgeon appointed by defendant the New York Eye and Ear Infirmary, a charitable corporation for the treatment of diseases of the eye and ear in

the city of New York.   The particular charge made by the complaint is that the defendant corporation by its surgeons and servants, and the defendant Derby, " put some poisonous infection or improper substance or matter into the eye or eyes of the said plaintiff, while so attempting to cure and heal and doctor him, by means of a brush or other cause," whereby they became inflamed and matterated; by reason whereof he lost the sight of both eyes.   The jury rendered a verdict for the defendants.   Numerous exceptions were taken by the plaintiff to the rulings of the trial judge upon admitting and rejecting evidence, some of which are relied upon as errors in this court, and are as follows:

Upon the cross-examination of the plaintiff, he was inquired of as to writing and publishing in the newspapers several articles, complaining of the treatment of his eyes by the defendants, and whether in those articles he stated that the poison or foreign substance was communicated with a brush.   He had testified, and such was the claim on the trial, that purulent matter had been communicated with a brush which had been used on other patients without proper cleansing.   *Held*, that the inquiry was competent upon the question of the plaintiff's credibility as to the manner of the alleged injury.   The point was not taken that the articles should be produced; it appeared that they were in court; *held*, that as the witness testified that he did not state in them that a brush was used, it was unnecessary to produce the articles afterwards.

It was objected that Dr. Derby, the defendant, was allowed to testify after refreshing his memory by looking at the diagnosis of plaintiff's case, made at the time; the point of the objection being that it did not appear but that the witness had a clear recollection without looking at the memorandum. *Held*, that this objection was without merit.   If the witness had a clear recollection before, it would do no harm to strengthen it by any means in his power.   It was also urged that this memorandum was used as a cover to allow the defendant to draw an inference from its statements, when he was unwilling to testify to the statements himself.   *Held*,

that as the memorandum was not put in evidence, whatever inferences were drawn must have been based upon the testimony of the witness.

This question was asked the defendant, Derby, "Did you in your treatment of young Doyle use the best ability and skill you possessed?" This was objected to, and the objection overruled. The question was not objected to as leading. *Held*, no error; that it was a fact within the knowledge of the witness, and as such competent.

This question was put to several experts, "Within your experience have you ever known a case where contagion of this kind was communicated, of gonorrheal opthalmia, by the use of the brush?" This was objected to, and objection overruled. *Held*, competent upon the question of the difficulty of such an accident, and the improbability of its occurrence. The fact that this poison might be communicated by a brush, did not render it incompetent.

Dr. Hannan, a witness for plaintiff, was asked on cross-examination whether he had stated to Dr. Derby and Dr. Noyes that he told the plaintiff he had no reason to complain of the treatment he had at the infirmary. This and evidence contradicting his denial was objected to on the ground that it was collateral. *Held*, that whether Dr. Hannan made such a statement was not of itself material, but the statement itself related to the merits of the controversy, viz.: the treatment of the plaintiff at the infirmary, and as the witness had given material evidence tending to prove improper practice at the infirmary, the evidence was competent by way of impeachment.

Dr. Hannan subsequently treated plaintiff's eyes. Evidence was received under objection, tending to show that Dr. Hannan's treatment was improper. *Held*, no error; for the reason that if the blindness of the plaintiff was produced by his bad practice, it would follow that it was not produced by the infirmary practice; and that even if both contributed to the injury it was competent upon the question of damages.

Also, *held*, that it was competent for the corporation to prove the professional standing of Dr. Noyes, another sur-

geon employed by the infirmary, and that of Dr. Derby, and hence that it had discharged its duty in respect to employing competent and skilful surgeons and physicians.

Two exceptions to the charge were relied upon. The first was to the following : " Now, gentlemen, if you find from the circumstances surrounding the case, and you are satisfied that Dr. Derby was free from negligence, that he did not communicate the poison, or that it was communicated without any knowledge on his part, without his knowing that the brush had been impregnated with the poison, and required extraordinary caution, he would not be liable ; if you are satisfied that he had no reason to know that the brush which he used upon young Doyle's eyes had been impregnated with this purulent matter, then he is entitled to your verdict." *Held*, untenable ; that there was a technical answer to this exception, in that a portion of the charge excepted to was admitted to be correct ; it is well settled that when this is the case an exception will not be sustained. But that the whole charge was substantially correct, and if any qualification would have been proper it should have been suggested by a request. The court charged that if the defendant " has used ordinary care, and has not been negligent," he would not be liable, and charged unqualifiedly the following request, " that if the jury came to the conclusion that Dr. Derby negligently used the brush, when it had been used in the eye of another patient, and thereby communicated the poison, he is liable ; " also as to what would constitute negligence, the court put this question to the jury, " Did Dr. Derby on the 12th of February, 1872, use a brush on the eyes of this patient, which had been used upon other patients, and which had been inoculated, or was liable to have been inoculated with this poison without using proper means for cleansing it before he used it again." As a whole, the court say the charge presented the question fairly, and in accordance with the views of the plaintiff's counsel.

The other exception was taken to a denial of the following request : " The plaintiff's counsel asked the court to charge the jury that if they are satisfied from the evidence that

poison was communicated by a brush, which had been used in another patient's eye, negligently to plaintiff's eye, they need not come to the conclusion that it was gonorrhea communicated." The court said : "I was about to say that the whole theory of the plaintiff's case was made on the question of its being gonorrheal opthalmia, that was communicated if anything," and the court refused to charge otherwise. The contention on the trial was whether the diseased eyes of the plaintiff, indicated gonorrheal opthalmia, or some other purulent opthalmia. The former it appeared can only be caused by contagion, while the latter may be produced by a variety of causes, to which it was alleged the plaintiff was exposed, and it appeared to have been assumed upon the trial that to sustain the action it was necessary to establish the former disease. *Held*, that a charge that any other poison besides gonorrhea negligently communicated would not have rendered the defendant liable, would have been clearly error, even though the plaintiff may have endeavored to prove that particular poison; but that the court was accurate in stating that the whole theory of the plaintiff was based on the charge that gonorrhea was communicated; that the judge was not bound under the circumstances to make the charge requested, although correct in the abstract, and that he explained sufficiently the reason for not making it.

*T. C. Campbell* for appellant.

*Albert Stickney* for respondents.

CHURCH, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.